UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: CHRISTOPHER J. VAZQUEZ,                    1:22-pf-0002 (BKS)

                        Respondent.
_____

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## ORDER TO SHOW CAUSE

**I.  INTRODUCTION**

Because of his history of abusive conduct toward Court staff and history of vexatious litigation, Respondent Christopher Vazquez is subject to both a "No Contact Order" prohibiting him from communicating with the Court in person or via telephone or email, (Dkt. No. 1, at 6, 8 & n.5 (explaining communication in writing via the mail is the only permissible method of communication with the Court)), and a Pre-Filing Order enjoining him from filing any future pleadings or documents of any kind (including motions) pro se in the Northern District of New York, without prior permission from the Chief Judge, (Dkt. No. 2). For the reasons that follow, Respondent is ordered to show cause in writing why he should not be found to be in contempt of the No Contact Order and why a monetary fine or other sanction should not be imposed.

**II.  BACKGROUND**

On May 2, 2022, then-Chief Judge Glenn T. Suddaby issued an Order ("May 2022 Order") not only directing Respondent to show cause why a Pre-Filing Order should not be entered, but subjecting Respondent to a No Contact Order based on his abusive conduct toward Court employees and his abuse of the available avenues of communication with the Court. (Dkt. No. 1). In the May 2022 Order, then-Chief Judge Suddaby outlined Respondent's litigation history, including his filing of five civil actions, four of which were dismissed for failure to state

a claim, lack of subject matter jurisdiction, or failure to comply with filing-fee requirements. (*Id.* at 2–3 (listing Respondent's cases and grounds for dismissal)).[1] Observing that Respondent's case history alone did "not reflect the scope and degree of Respondent's abuse of the judicial process" as Respondent had "become increasingly abusive when communicating with Court staff," Chief Judge Suddaby also outlined the history of Respondent's interaction with Court employees. (*Id.* at 4). The Court incorporates herein Chief Judge Suddaby's thorough recitation of Respondent's interaction with Court employees. (*Id.* at 4–6). Summarized briefly, these interactions included multiple, angry phone calls to the Clerk's Office during which Respondent used "vulgar" language, and the sending of multiple emails to the Clerk's Office, making various allegations and demands. (*Id.*). After carefully considering Respondent's litigation history and abusive conduct toward Court staff, Chief Judge Suddaby not only directed Respondent to show cause why a pre-filing injunction should not be issued, but issued a "No-Contact Order" prohibiting Respondent from emailing, calling, or visiting the Clerk's Office pro se. (*Id.* at 8 (ordering "that Respondent shall no longer email, call or visit the Clerk's Office of the U.S. District Court for the Northern District of New York pro se. To the extent Respondent would like to file something with the U.S. District Court for the Northern District of New York pro se (including his Response to this Order to Show Cause), he must do so by mail.")). On May 23, 2022, after receiving no response, then-Chief Judge Suddaby issued a Pre-Filing Order permanently enjoining Respondent Christopher Vazquez from "filing any pleadings or documents of any kind (including motions) as a pro se plaintiff . . . without prior permission of the Chief Judge or his or her designee." (Dkt. No. 2, at 1).

---

[1] There is a Report-Recommendation, recommending dismissal pending in the fifth case, *Vazquez v. Hometown Health Center of Amsterdam*, NY, 1:21-cv-01321 (MAD/CFH) (N.D.N.Y. June 27, 2022), Dkt. No. 8.

Between July 27 and August 3, 2022, despite the No-Contact Order, Respondent sent ten emails to the Clerk's Office. On August 5, then-Chief Judge Suddaby issued a Text Order:

> denying Respondent's recent e-mails to the Clerk's Office . . . to the extent they constitute . . an application for leave to file a new action pro se, as procedurally improper and unsupported by a showing of cause. Respondent is reminded that, as the Court previously ordered on 05/02/2022, "<u>Respondent shall no longer email, call or visit the Clerk's Office of the U.S. District Court for the Northern District of New York pro se. To the extent Respondent would like to file something with the U.S. District Court for the Northern District of New York pro se . . ., he must do so by mail</u>."

(Dkt. No. 8 (quoting Dkt. No. 1, at 8–9)).

From August 5 to 16, 2022, Respondent sent thirty-six emails to the Clerk's Office. On August 8, 9, 17, and 18, Respondent called the Clerk's Office. During his August 8 phone call, Respondent was screaming and demanding to speak to an important person. During the August 17 phone call, Respondent was yelling and asking to speak to the Clerk of the Court. On August 18, Respondent called the Clerk's Office at least eight times; he was yelling and asking to speak to a supervisor. On August 18, then-Chief Judge Suddaby issued a Text Order:

> permitting the Clerk's Office staff to either not pick up the phone or immediate hang up if they learn (whether by Caller ID or otherwise) that Respondent Christopher Vazquez has called them pro se. Mr. Vazquez is cautioned that, should he continue to violate the Court's Order to not communicate with Clerk's Office staff in any way other than by mail, he will be directed to show cause why sanctions (including a monetary fine and/or confinement by the U.S. Marshal's Service until compliance is achieved) should not be imposed due to his contempt of the Court's Order.

(Dkt. No. 9).

From August 22 to October 18, 2022, Respondent sent ninety-four emails to the Clerk's Office. On August 29, Respondent called the Clerk's Office and was very angry, advising that he was receiving threats from the Court. Respondent was advised by a Clerk's Office employee that

3

all communication with the Court must be through the mail. Respondent called the Clerk's Office back several times that day, but his calls were not answered.

### III.   DISCUSSION

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quotation marks omitted). "The contempt power serves to 'protect[ ] the due and orderly administration of justice and [to] maintain[ ] the authority and dignity of the court.'" *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, (1980)). "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc.*, 814 F.3d at 98 (citing *Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)).

"[T]he sanctions for civil contempt serve two purposes: to coerce future compliance and to remedy any harm past noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "When the purpose of the sanction is coercive, the district court has broad discretion to design a remedy that will bring about compliance." *Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc.*, No. 10-cv-1136, 2020 WL 377951, at *3, 2020 U.S. Dist. LEXIS 12103, at *9 (S.D.N.Y. Jan. 22, 2020), *aff'd* No. 20-3007, 2022 WL 3581303, 2022 U.S. App. LEXIS 23383 (2d Cir. Aug. 22, 2022). In fashioning a sanction for noncompliance with a court order the Second Circuit has instructed that courts must consider several factors: "'the character and magnitude of the harm threatened by continued'" noncompliance, "the 'probable effectiveness of any suggested sanction in bringing about [compliance],' and the contemnor's ability to pay. *Paramedics Electromedicina*, 369 F.3d at 658 (quoting *Perfect Fit Indus. v. Acme Quilting Co.*,

673 F.2d 53, 57 (2d Cir. 1982)). In a civil contempt proceeding, sanctions may include monetary fines or a conditional jail term. *Hutto v. Finney*, 437 U.S. 678, 690–91 (1978).

In order to provide Respondent notice and an opportunity to be heard, Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be found to be in contempt of the Court's prior orders prohibiting contact by email and by telephone and a monetary fine or other sanction should not be imposed.

### IV.     CONCLUSION

Accordingly, it is

**ORDERED** that Respondent shall within **FOURTEEN (14) DAYS** of the date of this Order, show cause, in writing, why he should not be found to be in contempt of the Court's No Contact Order prohibiting contact by email and by telephone and a monetary fine or other sanction should not be imposed.

**IT IS SO ORDERED.**

Dated: October 28, 2022
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge

5