**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

IN RE: CHRISTOPHER J. VAZQUEZ,                    1:22-pf-0002 (BKS)

Respondent.

_____

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### ORDER TO SHOW CAUSE

## I.    INTRODUCTION

Because of his history of abusive conduct toward Court staff and vexatious litigation,

Respondent Christopher Vazquez is subject to both a "No Contact Order" prohibiting him from

communicating with the Court in person or via telephone or email, (Dkt. No. 1, at 6, 8 & n.5

(explaining communication in writing via the mail is the only permissible method of

communication with the Court)), and a Pre-Filing Order enjoining him from filing any future

pleadings or documents of any kind (including motions) pro se in the Northern District of New

York, without prior permission from the Chief Judge, (Dkt. No. 2). For the reasons that follow,

the Clerk of the Court is directed to block all emails from Vazquez sent to the

ERequests@nynd.uscourts.gov email address, and block all telephone calls from Vazquez, and

Vazquez is ordered to show cause in writing why he should not be found to be in contempt of the

No Contact Order and why a monetary fine or other sanction should not be imposed.

## II.    BACKGROUND

On May 2, 2022, then-Chief Judge Glenn T. Suddaby issued an Order ("May 2022

Order") not only directing Vazquez to show cause why a Pre-Filing Order should not be entered,

but subjecting Vazquez to a No Contact Order based on his abusive conduct toward Court

employees and his abuse of the available avenues of communication with the Court. (Dkt. No.

1). In the May 2022 Order, Chief Judge Suddaby outlined Vazquez's litigation history, including his filing of five civil actions, four of which were dismissed for failure to state a claim, lack of subject matter jurisdiction, or failure to comply with filing-fee requirements. (*Id.* at 2–3 (listing Vazquez's cases and grounds for dismissal)).[1] Observing that Vazquez's case history alone did "not reflect the scope and degree of Respondent's abuse of the judicial process" as Vazquez had "become increasingly abusive when communicating with Court staff," Chief Judge Suddaby also outlined the history of Vazquez's interaction with Court employees. (*Id.* at 4). The Court incorporates herein Chief Judge Suddaby's thorough recitation of Vazquez's interaction with Court employees. (*Id.* at 4–6). Summarized briefly, these interactions included multiple, angry phone calls to the Clerk's Office during which Vazquez used "vulgar" language, and the sending of multiple emails to the Clerk's Office, making various allegations and demands. (*Id.*). After carefully considering Vazquez's litigation history and abusive conduct toward Court staff, Chief Judge Suddaby not only directed Vazquez to show cause why a pre-filing injunction should not be issued, but issued a "No-Contact Order" prohibiting Vazquez from emailing, calling, or visiting the Clerk's Office pro se. (*Id.* at 8 (ordering "that Respondent shall no longer email, call or visit the Clerk's Office of the U.S. District Court for the Northern District of New York pro se. To the extent Respondent would like to file something with the U.S. District Court for the Northern District of New York pro se (including his Response to this Order to Show Cause), he must do so by mail.")). On May 23, 2022, after receiving no response, Chief Judge Suddaby issued a Pre-Filing Order permanently enjoining Vazquez from "filing any pleadings or

---

[1] Vazquez's fifth case was dismissed on March 14, 2023. *See* Memorandum-Decision & Order, *Vazquez v. Hometown Health Center of Amsterdam*, 1:21-cv-01371 (MAD/CFH) (N.D.N.Y. Mar. 14, 2023), ECF No. 14.

documents of any kind (including motions) as a pro se plaintiff . . . without prior permission of the Chief Judge or his or her designee." (Dkt. No. 2, at 1).

Between July 27 and August 3, 2022, despite the No-Contact Order, Vazquez sent 10 emails to the Clerk's Office. On August 5, Chief Judge Suddaby issued a Text Order reminding Vazquez that he "shall no longer email, call or visit the Clerk's Office of the U.S. District Court for the Northern District of New York pro se" and advising that all filings must be "by mail." (Dkt. No. 8 (quoting Dkt. No. 1, at 8–9)).

Between August 5 and August 16, 2022, Respondent sent 36 emails to the Clerk's Office. On August 8, 9, 17, and 18, Respondent called the Clerk's Office. During his August 8 phone call, Respondent screamed and demanded to speak to an important person. During the August 17 phone call, Respondent yelled and asked to speak to the Clerk of the Court. On August 18, Respondent called the Clerk's Office at least 8 times; he yelled and asked to speak to a supervisor. On August 18, Chief Judge Suddaby issued a Text Order "permitting the Clerk's Office staff to either not pick up the phone or immediate hang up if they learn (whether by Caller ID or otherwise) that Respondent Christopher Vazquez has called them pro se." (Dkt. No. 9). Chief Judge Suddaby also warned Respondent that if he "continue[d] to violate the Court's Order to not communicate with Clerk's Office staff in any way other than by mail," he would be ordered "to show cause why sanctions (including a monetary fine . . . ) should not be imposed due to his contempt of the Court's Order." (Dkt. No. 9).

From August 22 to October 18, 2022, Vazquez sent 94 emails to the Clerk's Office. On August 29, Vazquez called the Clerk's Office and was very angry, advising that he was receiving threats from the Court. Vazquez was advised by a Clerk's Office employee that all

communication with the Court must be through the mail. Vazquez called the Clerk's Office back several times that day, but his calls were not answered.

In light of Vazquez's conduct, on October 28, 2022, the Court issued an Order to Show Cause directing Vazquez to show cause, in writing, why he should not be found to be in contempt of the Court's No Contact Order prohibiting contact by email and by telephone and a monetary fine or other sanction should not be imposed. (Dkt. No. 15). On November 10, 2022, Vazquez submitted a letter stating he would do his "best to comply with paperwork moving forward." (Dkt. No. 16). On December 19, 2022, observing that Vazquez had remained in compliance with the No Contact Order, the Court issued an Order advising Vazquez that, given his "demonstrated effort to comply with the No Contact Order and Pre-Filing Order, the Court will refrain from imposing sanctions at this time." (Dkt. No. 17, at 2). However, the Court warned Vazquez that violation of the No Contact Order by emailing or calling the Clerk's Office would result in the issuance of an order to show cause why Vazquez should not be subject to sanctions. (*Id.*).

Vazquez remained in compliance with the No Contact Order, filing all submissions by mail, until November 28, 2023, when he attempted to enter the Albany Clerk's Office. A Court Security Officer advised Vazquez that the No Contact Order prohibited him from entering the Clerk's Office and Vazquez left without incident. However, on December 6, 2023, Vazquez sent three emails to the Clerk's Office. Since then, Vazquez has sent more than 200 emails to the Clerk's Office and has called the Clerk's Office more than 270 times, often calling more than 20 times per day; on March 13, 2024, Vazquez called the Albany Clerk's Office 81 times.

## III.   DISCUSSION

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quotation marks omitted).

4

"The contempt power serves to 'protect[ ] the due and orderly administration of justice and [to] maintain[ ] the authority and dignity of the court.'" *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, (1980)). "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc.*, 814 F.3d at 98 (citing *Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)).

"[T]he sanctions for civil contempt serve two purposes: to coerce future compliance and to remedy any harm past noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "When the purpose of the sanction is coercive, the district court has broad discretion to design a remedy that will bring about compliance." *Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc.*, No. 10-cv-1136, 2020 WL 377951, at *3, 2020 U.S. Dist. LEXIS 12103, at *9 (S.D.N.Y. Jan. 22, 2020), *aff'd* No. 20-3007, 2022 WL 3581303, 2022 U.S. App. LEXIS 23383 (2d Cir. Aug. 22, 2022). In fashioning a sanction for noncompliance with a court order the Second Circuit has instructed that courts must consider several factors: "'the character and magnitude of the harm threatened by continued'" noncompliance, "the 'probable effectiveness of any suggested sanction in bringing about [compliance],' and the contemnor's ability to pay. *Paramedics Electromedicina*, 369 F.3d at 658 (quoting *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)). In a civil contempt proceeding, sanctions may include monetary fines or a conditional jail term. *Hutto v. Finney*, 437 U.S. 678, 690–91 (1978).

As Vazquez is already subject to a No Contact Order prohibiting him from emailing or calling the Clerk's Office and from visiting the Clerk's Office in person, and as the No Contact

Order has failed to provide sufficient protection, the Court directs the Clerk's Office to block all further emails or telephone calls from Vazquez. Vazquez remains free to mail any submissions to the Clerk's Office. However, given the magnitude of Vazquez's noncompliance with, and violation of, the No Contact Order, the Court concludes that a finding of contempt and the imposition of sanctions, including monetary sanctions, may also be warranted. In order to provide Vazquez notice and an opportunity to be heard, Vazquez shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be found in contempt of the Court's prior orders prohibiting contact by email and by telephone and why a monetary fine or other sanction should not be imposed.

## IV.     CONCLUSION

Accordingly, it is

**ORDERED** that the Clerk of the Court is directed to block all emails from Vazquez sent to the ERequests@nynd.uscourts.gov email address, and block all telephone calls from Vazquez; and it is further

**ORDERED** that Vazquez shall within **FOURTEEN (14) DAYS** of the date of this Order, show cause, in writing, why he should not be found to be in contempt of the Court's No Contact Order prohibiting contact by email and by telephone and a monetary fine or other sanction should not be imposed.

**IT IS SO ORDERED.**

Dated: <u>April 19, 2024</u>
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge