**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

IN RE: CHRISTOPHER J. VAZQUEZ,                1:22-pf-0002 (BKS)

                Respondent.

---

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER**

Because of his history of abusive conduct toward Court staff and vexatious litigation, Respondent Christopher J. Vazquez is subject to both a "No Contact Order" prohibiting him from communicating with the Court in person or via telephone or email, (Dkt. No. 1, at 6, 8 & n.5 (explaining communication in writing via the mail is the only permissible method of communication with the Court)), and a Pre-Filing Order enjoining him from filing any future pleadings or documents of any kind (including motions) pro se in the Northern District of New York, without prior permission from the Chief Judge, (Dkt. No. 2). Despite the No Contact Order, Respondent has emailed and called the Clerk's Office repeatedly and has attempted to enter the Clerk's Office in Albany, New York. The history of Respondent's conduct is set forth in prior orders, is incorporated by reference, and will not be repeated here. (*See*, *e.g.*, Dkt. No. 28, at 4 (finding that despite the No Contact Order, "Vazquez has sent more than 200 emails to the Clerk's Office and has called the Clerk's Office more than 270 times, often calling more than 20 times per day; on March 13, 2024, Vazquez called the Albany Clerk's Office 81 times."); *see also* Dkt. Nos 1, 15). The Court has given Respondent multiple opportunities to comply with its No Contact Order and multiple warnings that continued non-compliance could result in monetary sanctions. (*See* Dkt. No. 15, 17, 28). Further, in a Text Order issued on October 25, 2024, after Respondent violated the No Contact Order by emailing the Clerk's Office 12 times and calling

the Clerk's Office more than 80 times, the Court expressly informed Respondent that in the event he violated the No Contact Order again: "<u>THE COURT WILL IMPOSE MONETARY SANCTIONS.</u>" (Dkt. No. 34).

On October 29, 2024, Respondent called the Albany Clerk's Office more than 100 times. Therefore, in an exercise of its inherent authority to impose financial sanctions on a vexatious pro se litigant, *see Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002) ("A court has the inherent power to supervise and control its own proceedings and to sanction . . . a litigant for bad-faith conduct or for disobeying the court's orders."), the Court will impose a monetary sanction in the amount of $500.00 for violating the No Contact Order. In the event Respondent continues to violate the No Contact Order, the Court will impose escalating additional fines. *See*, *e.g.*, *Wang v. Int'l Bus. Machines Corp.*, No. 11-cv-2992, 2023 WL 9425419, at *1, 2023 U.S. Dist. LEXIS 234480, at *3–4 (S.D.N.Y. Jan. 27, 2023) (exercising "its inherent authority to impose financial sanctions on a vexatious," and imposing an "escalating financial sanction" on pro se plaintiff for continued disregard of court orders in the amount of "$100 for the first such submission, $200 for the second such submission, $400 for the third such submission . . . and so on"); *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (summary order) (recognizing district court's inherent power to impose financial sanctions on a pro se plaintiff).

Accordingly, it is

**ORDERED** that the Respondent Christopher J. Vazquez is sanctioned $500.00 for his violation of the No Contact Order (Dkt. No. 1) on October 29, 2024; and it is further

**ORDERED** that the Court <u>will impose additional escalating fines if Respondent continues to violate the No Contact Order</u>; and it is further

**ORDERED** that Respondent shall within **FOURTEEN (14) DAYS** of the date of

2

this Order, send payment in the amount of $500.00 to: Clerk, U.S. District Court, P.O. Box 7367, 100 S. Clinton Street, Syracuse, New York, 13261.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**IT IS SO ORDERED.**

Dated: November 1, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge